Maria Teresa ADONICAN,
Plaintiff—Appellant,

v.

COUNTY OF LOS ANGELES,
Defendant—Appellee.

No. 03–55130.

D.C. No. CV–99–13075–GAF.

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2004.*

Decided May 20, 2004.

Lenton Aikins, Esq., The Aikins Law Firm, Palmdale, CA, for Plaintiff–Appellant.

Martin Stein, Esq., Barry M. Wolf, Esq., Greines, Martin, Stein and Richland, LLP, Los Angeles, CA, Douglas C. Smith, Esq., Bonne, Bridges, Mueller, O'Keefe & Nichols, Riverside, CA, for Defendant–Appellee.

Before TASHIMA, MCKEOWN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Maria Adonican appeals the district court's grant of partial summary judgment in favor of the County of Los Angeles ("the County"), on her claims that the County violated the Americans with Disabilities Act ("the ADA") and the California Fair Employment and Housing Act ("FEHA"). Adonican alleges that the County failed to provide her with reasonable accommodations, failed to engage in

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the interactive process, and retaliated against her.

Adonican's 1994 and 1996 claims, which are discrete claims and not continuing violations, are time-barred under federal and state law. 42 U.S.C. § 2000e–5(1), Cal. Gov't Code § 12960; *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 108–17, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); and *Richards v. CH2M Hill, Inc.,* 26 Cal.4th 798, 823–24, 111 Cal.Rptr.2d 87, 29 P.3d 175 (2001). As to her remaining claims, no genuine issue of fact remains, and Adonican has not demonstrated that the County failed to provide her with reasonable accommodations or that the interactive process was insufficient under the ADA or FEHA.

 We have adopted the *McDonnell Douglas* burden-shifting rules for retaliation claims under the ADA. *See Brown v. City of Tucson,* 336 F.3d 1181, 1186–87 (9th Cir.2003). To establish a prima facie case of retaliation, Adonican must show: (1) that she was involved in an activity protected by the ADA; (2) that the County subjected her to an adverse employment action; and (3) that there was a causal link between the protected activity and the County's action. *Id.* at 1187. Because Adonican has not produced any evidence demonstrating that the transfer to the position in the NICU was "adverse," she has not established a prima facie case for retaliation on this claim. Adonican also claims that the County retaliated against her by delaying her paycheck. However, she made no showing that anyone in the payroll department had a retaliatory motive or that there was any connection between the alleged payroll problems and her other workplace-related problems. Therefore,

Adonican has not made out a prima facie case of retaliation on this claim.

Accordingly, the district court's grant of partial summary judgment in favor of the County is AFFIRMED.